PER CURIAM.
Plaintiff-taxpayer Ford Motor Company appeals from a judgment of the Tax Court which dismissed its complaints challenging its 1983, 1984 and 1985 real property assessments as adjudicated by the Middlesex County Board of Taxation. The taxing authority, defendant Edison Township, does not appeal from the Tax Court order dismissing its counterclaims.
We affirm the judgment appealed from substantially for the reasons set forth in the opinion of Judge Andrew reported at 10 N.J.Tax 153 (Tax Ct.1988). We add, however, the following observations.
In appealing from the Tax Court judgment, Ford Motor Company (Ford) contends first that the court erred in finding that the highest and best use of the property is its present use as an assembly plant. It argues that the judge, in the first instance, erred by allocating to it the burden of proof on this issue. Ford asserts that the taxing authority should have had the burden of proving that highest and best use was the current use and that it was not Ford’s burden to prove the contrary. Ford asserts, moreover, that the court’s allocation of burden of proof was inconsistent with prior Tax Court opinions *246 on which it had relied, particularly WCI-Westinghouse v. Edison Tp., 7 N.J.Tax 610, 616-617 (Tax Ct.1985), aff'd o.b. 9 N.J.Tax 86 (App.Div.1986).
We are satisfied that this contention is without merit and that WCI-Westinghouse is inapposite. The primary factual dispute here does not involve actual present use, that is, whether the taxpayer’s facility is currently a general purpose industrial use or whether it has been so particularly adopted as to qualify as a special purpose facility, namely an automobile assembly plant. As we read the record, the facility is clearly a special purpose industrial plant. The dispute here was, rather, whether this special purpose constitutes the highest and best use of the property in view of the taxpayer’s assertion of lack of commercial demand therefor. The factual issue in WCI-Westinghouse, to the contrary, involved the threshold question of the proper categorization of present use, that is, whether Westinghouse, as of the date of the assessments in question, was operating a general purpose or a special purpose facility. Id. at 615-16. The taxpayer’s proofs demonstrated that current use was general purpose, and the testimony of the taxing authority’s experts did not support its special-purpose contention. Id. at 616. Since the taxing authority, by its counterclaim, was attempting to obtain an increase in the assessment based on its assertion of special purpose, it was charged with the burden of proving that the property was indeed being used for a special-purpose, and this it failed to do. Id. at 617.
The situation here is obviously different. Here neither party challenges the categorization of the present use as a special purpose assembly plant. The issue is whether that special purpose defines its highest and best use. The party challenging the proposition that present use is not the highest and best use is customarily and correctly allocated the burden of disproving it. We agree with Judge Andrew, for the reasons expressed by him, that plaintiff was properly assigned that burden and failed to meet it.
*247 Plaintiff also asserts that the Tax Court erred in failing to make its own determination of true value rather than holding, as it did, that neither party had borne its burden of proving the incorrectness of the assessment appealed from. We are aware of the apparent anomaly of the judge’s conclusion, after 16 days of trial, that the proofs were insufficient to permit him to determine true value, and we assume that this result is extraordinary. Nevertheless, we are satisfied that it withstands scrutiny under the substantial-evidence standard of review we are bound to apply.
Although defendant does not cross-appeal, we have considered all of the proofs in the context of the parties’ respective burdens of persuasion, and we are satisfied that they support Judge Andrew’s conclusion. In short, there was an ample evidential basis for his rejection of plaintiff’s proffered comparable sales and for his consequent finding of the inadequacy of the proofs to support a market data approach for arriving at true value. Plaintiff did not attempt to prove value based on an income approach, and the record supports the judge’s rejection of defendant’s proofs in this respect. As to the remaining valuation method, the record supports the court’s rejection of the cost-approach opinion of plaintiff’s expert. The court found that the combination of flaws infecting the expert’s cost calculation, all of which were explained in its opinion, compelled the conclusion “that plaintiff has not met its burden of proof as to the reliability of the cost approach as applied by plaintiff expert.” 10 N.J.Tax at 187. The findings upon which this conclusion is predicated are consistent with the proofs. The court’s rejection of defendant’s expert’s opinion, also found to be deficient, is similarly based upon findings supported by the record.
In sum, the Tax Court, as plaintiff argues, may ordinarily be obliged to find true value. The Tax Court, nevertheless, cannot fix true value where the quality of the proofs, irrespective of their quantum, does not permit it to find, by a preponderance of the evidence, that the assessment appealed from is *248 incorrect. In so holding, we recognize the Supreme Court’s admonition in Glen Wall Associates v. Wall Tp., 99 N.J. 265, 284, 491 A.2d 1247 (1985), cautioning the trier of fact not to place onerous burdens on taxpayer’s capacity to present proofs which will be adjudged adequate. As the Court said, “In this day of rising litigation expenses, it is important for the courts to adopt reasonable limits on what is to be expected of a litigant in presenting his case through the use of an expert.” Nevertheless, there are unusual cases in which even an indulgent view of expert opinion does not cure its fundamental inadequacy to meet the taxpayer’s burden of proof. The Tax Court evidently concluded that this was such an extraordinary case essentially because the expert’s opinion was erroneously predicated on a general purpose rather than special purpose character of the premises. This predicate constituted a basic flaw in the expert’s opinion which, when coupled with its other stated defects, justified its rejection by the Tax Court. Since the rejection rested upon rational findings supported by the record, we are not at liberty to interfere.
The judgments appealed from are affirmed.